## GEORGIA COTTON COMPANY *v.* HOGG *et al.*

The judge did not err in disallowing the proposed amendment, or in dismissing the petition upon demurrer.

MAY 10, 1911.

Complaint. Before Judge Littlejohn. Schley superior court. May 19, 1910.

The Georgia Cotton Company in its petition alleged that the defendants, H. W. Hogg and R. E. Hill, were indebted to plaintiff, a corporation, in a specified amount on account of the breach of a contract for the sale of fifteen bales of cotton. Copies of certain correspondence relied on as constituting the contract were made a part of the petition, and were as follows:

"Americus, Ga. 12th May, 1909. Mr. H. W. Hogg, Ellaville, Ga. Dear Sir:—In consideration of one dollar in hand paid, and for value received, we have this day contracted to purchase of you as follows: One Hundred & Fifty Bales of Cotton, basis good middling, nothing below middling, Liverpool classification, at Ten Cents (10 cents) per pound, F. O. B. cars at Ellaville, Ga. Cotton to be delivered to us during the month of October, 1909, to be delivered, reweighed, and in good merchantable bales averaging in weight Five Hundred (500) pounds per bale. Prevailing Savannah difference between grades existing at time of delivery to apply. Please confirm the above purchase. Yours very truly, p. p. Georgia Cotton Company, W. A. Slaton."

To this letter there was this response:

"Ellaville, Ga. 14th May, 1909. Messrs. Georgia Cotton Company, Americus, Ga. Dear Sir:—I beg to confirm the above contract of purchase, and will deliver said cotton as above agreed. Yours very truly, H. W. Hogg."

Endorsed on this was the following:

"May 14th, 1909: We the undersigned, agree to deliver to H. Willis Hogg the number of bales of cotton opposite our names, in pursuance to the terms of the contract, as set forth on the opposite page, between the Georgia Cotton Company and H. Willis Hogg, as specified in said contract on opposite page, to wit: ten cents per pound. Witness our hands and seal, this May 14th, 1909.     [Signed] R. E. Hill, 15 B/C."

R. E. Hill demurred; whereupon the plaintiff offered to amend

by dismissing the case as to H. W. Hogg and alleging: "That H. W. Hogg was the agent of the defendant, R. E. Hill, at the time of the sale of said cotton, and acted as such agent in the making the sale to plaintiff of said 15 bales of cotton. That plaintiff was not purchasing cotton in small lots, and the defendant R. E. Hill, and several others, procured and engaged the services of said H. W. Hogg to make the sale of certain cotton for them to plaintiff; the said defendant R. E. Hill agreeing to sell to plaintiff through his (Hill's) agent, H. W. Hogg, said 15 bales of cotton, and the others agreeing to sell to plaintiff through said Hogg as their agent a certain number of bales each, sufficient to aggregate 150 bales, in pursuance whereof the said R. E. Hill sold to plaintiff, through said Hogg, said 15 bales of cotton, and the said others sold to plaintiff through said Hogg the balance of said lot of 150 bales." Upon objection the court disallowed the amendment and sustained the demurrer, dismissing the case. The plaintiff excepted, assigning error upon each ruling.

*E. A. Hawkins* and *J. H. Cheney*, for plaintiff.

*Shipp & Sheppard* and *C. R. McCrory*, for defendants.

ATKINSON, J. The plaintiff must recover, if at all, upon the strength of the written contract as made. The writings relied upon as constituting a contract were set forth in the petition, and consequently the sufficiency of the petition to set forth a cause of action will depend upon the substance of the writings set forth. If the plaintiff's offer to buy, dated May 12th, was an offer to buy anything from any person, it was an offer to buy from H. W. Hogg 150 bales of cotton, no more, nor any less. The acceptance of the offer of May 14th was an agreement to sell the number of bales of cotton above mentioned. Upon its face this was a complete contract between the parties mentioned. The endorsement on the paper signed by R. E. Hill was not a contract to deliver to the Georgia Cotton Company any cotton whatever, but amounted to a promise to deliver to H. Willis Hogg, not the 150 bales of cotton which he had contracted to sell to the plaintiff, but 15 bales of cotton conformably to the specifications of the contract between Hogg and the Georgia Cotton Company. This endorsement did not amount to a contract between Hill and the Georgia Cotton Company. That company did not at any time bind itself to buy 15 bales of cotton from H. W. Hogg; nor did it bind itself to buy any number of bales

from Hill. By amendment to the petition it was sought to eliminate H. W. Hogg from the case, and to charge R. E. Hill as principal in the contract, charging that it was he and not H. W. Hogg who had really contracted to sell fifteen bales of cotton to the Georgia Cotton Company. But such allegations are not borne out by the contract. As pointed out above, the Georgia Cotton Company did not contract to buy fifteen bales of cotton, its only agreement being to purchase from H. W. Hogg 150 bales. If Hogg could be regarded as a mere intermediary between Hill and the Georgia Cotton Company in such manner as that any contract which might be made would be a contract between those two, rather than separate transactions in which Hogg should participate as a party, the stipulations embodied in the writings would be insufficient to show a meeting of the minds, the agreement of Hill to deliver 15 bales of cotton being no acceptance of the proposal of the Georgia Cotton Company to buy 150 bales of cotton. This is the necessary construction of the writings relied upon by the Georgia Cotton Company to show the contract upon which the suit was founded. In drafting the amendment to the petition the plaintiff was impressed with this construction of the petition, and it was therein alleged that the plaintiff was not purchasing cotton in small lots, but that Hill and others procured and engaged the services of Hogg to make the sales of small lots of cotton for them to the plaintiff, sufficient in the aggregate to amount to 150 bales, and that it was in pursuance of this agreement that Hill sold the 15 bales in question to the Georgia Cotton Company. But this mere contradictory allegation in opposition to the substance of the writings set forth will not suffice to show a contract of purchase and sale from Hill to the Georgia Cotton Company of 15 bales of cotton. At most it was explanatory of why there was a separate contract with Hogg for 150 bales, rather than one with Hill for 15 bales. It is not claimed that Hogg was the principal of Hill to make the entire contract for 150 bales which he actually made with the company, but the effort of the company now is to treat the entire contract as divisible, and divide it in such manner as to hold Hill liable as a principal of Hogg only for a fractional part. This can not be done. The amendment was properly disallowed, and there was no error in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*